# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 18-43V
Filed: October 25, 2024

| | |
|---|---|
| DOROTHY SMITH,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Special Master Horner |

*Renee Ja Gentry, The Law Office of Renee J. Gentry, Washington, D.C., for petitioner.*
*Zoe Wade, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 8, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.* (2012) ("Vaccine Act").[2] (ECF No. 1.) Petitioner alleged that she suffered transverse myelitis as a result of an influenza ("flu") vaccine that she received on January 19, 2016. (*Id.*) On January 29, 2024, the undersigned issued a decision awarding damages based on the parties' stipulation. (ECF No. 91.) On March 13, 2024, petitioner filed a final motion for attorneys' fees and costs. (ECF No. 98.) Petitioner requests a total of $107,539.84 as follows: $503.88 for petitioner's personal costs; $48,443.10 for current counsel's attorneys' fees; $903.76 for current counsel's costs; $49,937.50 for former counsel's attorneys' fees; and $7,751.60 for former counsel's costs. (*Id.* at 1-2.) A prior decision awarded interim attorneys' fees and costs to former counsel in a reduced amount of $63,486.39. (ECF No. 35; 2020 WL 1243238 (Fed. Cl. Spec. Mstr. Feb. 20, 2020).)

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the document will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

On March 14, 2024, respondent filed a response to petitioner's motion. (ECF No. 99.) Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by petitioner for an award of attorneys' fees and costs." (*Id.* at 1.) Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." (*Id.* at 2.) Respondent requests that the court exercise its discretion and determine a reasonable award for attorneys' fees and costs. (*Id.* at 3.)

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the amount of current counsel's request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates. Former counsel's request is reduced for two reasons.[3] First, counsel has billed at a rate of $425 per hour, even though my prior decision concluded that the appropriate hourly rate for his more recent work was only $413 per hour. Although the billing underlying this motion also encompasses subsequent years, nothing in the motion substantiates a higher hourly rate. Second, the billing records reflect hours billed from September of 2019 until March of 2022. (ECF No. 98-1, pp. 97-102.) During that period, this case was sent to an extended, but ultimately unsuccessful, mediation. After the mediation ended, serious concerns were raised as to whether petitioner's counsel had been ineffective, having failed to present any counterdemand in the course of the mediation. (ECF No. 55.) Shortly thereafter, the case was transferred to current counsel. Former counsel's billing records are too vague to dispel the concern that counsel was not meaningfully advancing petitioner's case during this period and the records show that former counsel lingered in the case for about seven months after current counsel was engaged. (ECF No. 98-1, pp. 101-02.) Indeed, despite former counsel arguing that respondent's offer during mediation was inadequate in light of her deteriorating condition, the invoices accompanying this motion confirm that it was ultimately current counsel, rather than former counsel, that secured the updated medical records that would have been critical to former counsel's stated position. Accordingly, I find that a 20% reduction to former counsel's billing is warranted.[4] This results in a

---

[3] Former counsel previously filed a motion for interim attorneys' fees and costs at the time he departed the case. (ECF No. 56.) That request totaled $88,451.30. I denied that motion, indicating that counsel's departure standing alone was not sufficient to justify a second award of interim fees. (ECF No. 63.) In that order, I also questioned the veracity of Mr. Vasquez's billing in this case, noting that he billed for travel to meet with an expert in November of 2019, a period after counsel had already confirmed to the court that the expert would not be participating in the case. (*Id.* at 3.) Rather than have Mr. Vasquez submit an affidavit substantiating his participation in the case as suggested by the undersigned, counsel submitted revised billing records omitting Mr. Vasquez's billing. Thus, the instant motion requests only $49,937.50 for hours billed by Mr. Calvillo.

[4] It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines ex rel. Sevier v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin ex rel. Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). However, when determining the relevant fee reduction,

2

reduction of $11,115.50.[5]  All of the requested costs, by petitioner, current counsel, and former counsel, are reasonable and sufficiently documented.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 300aa-15(e).  The undersigned **GRANTS** petitioner's motion for attorneys' fees and costs with reductions as discussed above.

**Accordingly, the undersigned awards the total of $96,424.34[6] as follows:**

- **A lump sum of $503.88 in the form of a check payable to petitioner; and**

- **A lump sum of $49,346.86 jointly payable to petitioner and petitioner's counsel, Renee J. Gentry, Esq.; and**

- **A lump sum of $46,573.60 jointly payable to petitioner and petitioner's counsel, David Neil Calvillo, Esq.**

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

s/Daniel Horner
Daniel Horner
Special Master

---

special masters need not engage in a line-by-line analysis of petitioners' fee application.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).  Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 485 (1991), *aff'd*, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests. . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications."  *Saxton*, 3 F.3d at 1521.

[5] Mr. Calvillo billed 117.50 hours.  At an hourly rate of $413, that totals $48,527.50.  Eighty percent of that amount is $38,822.00.

[6] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, including "advanced costs" as well as fees for legal services rendered.  Furthermore, § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.